PETER R. McCAFFREY and Others, Appellants, v. KINETIC CHEMICALS, INC., CARRIER ENGINEERING CORPORATION, QUINN ENGINEERING CO., INC., and J. DE LEO & CO., INC., Respondents, and Others, Defendants.— Appeal by plaintiffs from a judgment dismissing the complaint as to respondents at the end of plaintiffs' case. Plaintiffs, members of the fire department of the city of New York, sued to recover damages for injuries sustained by the inhalation of certain noxious gases released from a refrigerating unit, due to the decomposition of certain chemicals therein contained, when the unit caught fire from unknown causes. Respondent Kinetic Chemicals, Inc., was the manufacturer of a chemical known as Freon, used as a refrigerant in the unit. Respondent Carrier Engineering Corporation was the manufacturer of the air-cooling unit which contained, when sold by that respondent, about five pounds of Freon refrigerant. Freon was purchased from Kinetic and placed in the air-conditioning unit by Carrier before the sale of the unit to the dealer, respondent Quinn Engineering Co., Inc. The latter sold the unit to respondent J. de Leo & Co., Inc., and, at its request, installed it in a fur storage vault in the premises occupied by de Leo in the borough of Manhattan, city of New York, where de Leo was engaged in the business of manufacturing and selling fur coats. The unit was connected with the electric current by the ordinary electric plug attachment, and was connected with the water supply of the city by pipes securely fastened to it, so as to become non-portable. The Code of Ordinances of the City of New York, chapter 10 (Explosives and Hazardous Trades), article 18 (Refrigerating Systems), section 216, provides that it is unlawful to maintain or operate a refrigerating system, such as the one here involved, without first obtaining a permit from the fire commissioner of the city of New York. Section 220 of the same chapter, subdivision 2, paragraph (a), provides that a refrigerating machinery room of any system, which includes the one herein, shall be independently provided with means of adequate ventilation to the outer air, consisting of a window or windows opening directly to the open air, or with mechanical means capable of exhausting the foul air from the room. There was no ventilation or mechanical means therefor in the storage

room where this unit was installed. A willful violation or neglect to comply with either of the foregoing sections is punishable by a fine of not more than $500, or by imprisonment not exceeding six months, or both. Violation of an ordinance is some evidence of negligence, if causally connected with the incident which caused the damage. The violation of these ordinances may have been causally connected with the injury to the firemen in that a jury might find (1) that the ventilation, as required, would have permitted the gases to escape to the outer air or to be properly exhausted and thus prevent injury to any one entering the storage room; (2) that the failure to apply for and receive a permit from the fire commissioner prevented the fire department from having a record of the presence of the potential danger if there should be a call to extinguish a fire where the unit was located, and also denied an opportunity to the fire department to inspect as to the method of ventilation. The question of contributory negligence was for the jury. Plaintiffs made out a *prima facie* case against defendants Quinn Engineering Co., Inc., and J. de Leo & Co., Inc. Plaintiffs failed to prove a cause of action against defendants Kinetic Chemicals, Inc., and Carrier Engineering Corporation. As to them, the complaint was properly dismissed. As to respondents Kinetic Chemicals, Inc., and Carrier Engineering Corporation, judgment unanimously affirmed, with costs. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ. As to respondents Quinn Engineering Co., Inc., and J. de Leo & Co., Inc., judgment reversed on the law and a new trial granted, with costs to appellants to abide the event. Lazansky, P. J., Carswell and Close, JJ., concur; Adel and Taylor, JJ., dissent and, for the reasons assigned by the trial justice, vote to affirm the judgment.